## Case No. 7,680.

### KELSEY v. The WILLIAM KALLAHAN.

[27 Hunt, Mer. Mag. 77.]

District Court, S. D. New York. May 22, 1852.

COLLISION—ABSENCE OF LOOKOUT—SUIT IN ADMIRALTY—TIME OF COMMENCEMENT.

[1. The time of service of process is the true period of the commencement of a suit in ad-

_____
[1] [Reported by Hon. Samuel Blatchford. Circuit Judge. and here reprinted by permission.]

miralty, and it is immaterial that the vessel, attached within the district. was out of the jurisdiction when the libel was filed.]

[2. Where it appears that a vessel. sailing close hauled, meeting a vessel sailing free. was not seen on board the latter owing to the absence of a lookout, and that had there been a lookout the accident would not have happened, the latter vessel will be held liable.]

[This was a libel in rem by Charles E. Kelsey and another against the schooner William Kallahan for collision.]

JUDSON, District Judge. The schooner Archelaus, Charles E. Kelsey master, on the night of the 13th of October, 1851, that being a bright and clear moonlight night, was beating her way down the North river. W. S. W., flood tide, close hauled on her starboard tack, five points on the wind, full and by. At the same time the schooner W. Kallahan, P. M'Dermot master, was laying her course up the river, with wind free, leading rather towards the New Jersey shore. The two vessels were seen by each at the distance of about half a mile. The collision took place west of the middle of the river, at a point about two-thirds over from the east shore. The Archelaus was struck on her lee bow, between her stem and fore rigging, going down immediately, and proved a total loss.

Two questions have arisen:

1. Has the court jurisdiction of the subject matter of the controversy? On this point the facts are admitted, and out of this admission the question is raised. The collision occurred on the North river, within the Southern district of New York. At the precise time when the libel was filed in the clerk's office, the schooner W. Kallahan was on a voyage from Albany to Philadelphia, and was not within the Southern district of New York; and that, at a subsequent day, she came within the district, and was here attached by the process on this libel, and is now responding to the libel. The time of service of process is the true period of the commencement of a suit. and the jurisdiction attaches to the case from that day. The cause is therefore properly here.

2. On whom shall the loss fall? is the next question. After ascertaining the position of each vessel, as above stated, there is one important fact proved to the entire satisfaction of the court, which must be deemed a controlling fact in the case. At the time of the collision, the schooner William Kallahan had no sufficient lookout. The man placed forward was part way down the ladder of the fore-castle, and did not descry the Archelaus. and gave no order to the man at the wheel of the approach of danger. It was peculiarly his duty and business in a place like that, to have remained at his post, and there is no doubt that if he had been at his post the collision would not have occurred. As a strong corroborating fact, it appears that the man at the helm, immediately upon the accident, found fault with the lookout because timely notice had not been given him, and in his testimony he adds that the sails of his vessel prevented his seeing the Archelaus until she was about being struck. The rule of law is well settled, that a vessel with the wind free must give way in time to a vessel close hauled on the wind, and that a vessel so sailing should not only have a lookout, but that he should do his proper duty. The evidence in the case shows that the fault rests with the William Kallahan, and she must stand responsible for the consequences. Decree for libelants, with reference to a commissioner to ascertain the damage.